DANIEL G. BOGDEN
United States Attorney
JAMES E. KELLER
Assistant United States Attorneys
100 West Liberty Street, Suite 600
Reno, Nevada 89501
Phone: (775) 784-5438
Fax: (775) 784-5181

✓ FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 29 2012
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTONIO SERVIDIO,

Defendant.

No. 3:12-cr-00081-LRH-VPC

INDICTMENT FOR VIOLATIONS OF:

TITLE 18, UNITED STATES CODE, SECTION 1344 - Bank Fraud (Counts One and Two)

TITLE 31, UNITED STATES CODE, SECTION 5324 - Structuring of Monetary Instruments (Counts Three and Four)

TITLE 18, UNITED STATES CODE, SECTION 2 - Aiding and Abetting (Counts One to Four)

The Grand Jury charges:

At all times relevant to this Indictment:

**Background**

1. Defendant ANTONIO SERVIDIO ("SERVIDIO") is an individual residing in Reno, Nevada, who, at times relevant to this Indictment, was a 50% equity investor in, and member of, XYZ REAL ESTATE LLC, a limited liability company organized in the State of Nevada.

**The Scheme to Defraud**

2. Between 2004 and 2008, SERVIDIO obtained approximately 35 rental properties in Reno, Nevada, each purchase of which was financed through mortgages obtained from various financial institutions, as that term is defined in 18 U.S.C. § 20.

3. Two of the rental properties upon which SERVIDIO had

mortgages were 4600 Neil Road, Apt. 38, Reno, Nevada ("4600 Neil Road") and 4608 Neil Road, Apt. 271, Reno, Nevada ("4608 Neil Road").

4. On March 21, 2006, SERVIDIO obtained a loan in the amount of $77,350 from Wachovia Mortgage FSB, f/k/a World Savings Bank FSB, secured by the property at 4600 Neil Road. In this loan application, Wachovia Mortgage FSB f/k/a World Savings Bank FSB relied upon in its issuance of the loan, SERVIDIO concealed several of the mortgaged properties he had at the time.

5. On March 21, 2006, SERVIDIO obtained a loan in the amount of $77,350 from Wachovia Mortgage FSB, f/k/a World Savings Bank FSB, secured by the property at 4608 Neil Road. In this loan application, Wachovia Mortgage FSB f/k/a World Savings Bank FSB relied upon in its issuance of the loan, SERVIDIO concealed several of the mortgaged properties he had at the time.

6. From 2006 to 2009, SERVIDIO received rental income from tenants in his rental properties, including tenants in 4600 Neil Road and 4608 Neil Road. Beginning in 2008, and up until 2009, SERVIDIO defaulted on several mortgages on his 35 rental properties in Reno, Nevada, including the mortgages for each of the properties at 4600 Neil Road and 4608 Neil Road.

7. On or about May 21, 2009, in the foreclosure process of 4608 Neil Road for SERVIDIO's default in payments on the $77,350 loan issued by Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, the property at 4608 Neil Road was sold at public auction, and purchased by Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB for $38,000.

8. On or about June 25, 2009, as part of the foreclosure process of 4600 Neil Road for SERVIDIO's default on the $77,350 loan issued by Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, the

property at 4600 Neil Road was sold at public auction, and purchased for $35,000 by Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB.

9. On or about July 29, 2009, XYZ REAL ESTATE LLC ("XYZ") was organized in the State of Nevada. According to XYZ's Operating Agreement dated July 31, 2009, SERVIDIO is a Member, with 50% interest in XYZ, having contributed $155,000 in capital to XYZ, and is responsible for 50% of all future capital contributions to XYZ.

10. On or about July 31, 2009, XYZ purchased the property at 4600 Neil Road from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, for $40,000. SERVIDIO's relationship with XYZ was concealed to Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, in XYZ's purchase of 4600 Neil Road.

11. On or about July 31, 2009, XYZ, a Nevada corporation in which defendant SERVIDIO was a Member and a 50% equity inventor and contributor, purchased the property at 4608 Neil Road from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, for $40,000. SERVIDIO's relationship with XYZ was concealed to Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, in XYZ's purchase of 4608 Neil Road

12. In the course of XYZ's purchase of 4600 Neil Road on or about July 31, 2009, SERVIDIO made materially false and fraudulent pretenses, representations, promises, and omissions, when he concealed, and aided and abetted in concealing, his interest in XYZ from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB.

13. In the course of XYZ's purchase of 4608 Neil Road on or about July 31, 2009, SERVIDIO made materially false and fraudulent pretenses, representations, promises, and omissions, when he concealed, and aided and abetted in concealing, his interest in XYZ

from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB.

14. On or about July 31, 2012, XYZ purchased the property at 4600 Neil Road from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, for $40,000, when SERVIDIO has an outstanding principal balance of approximately $81,695.33 on the loan from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, secured by the property at 4600 Neil Road.

15. XYZ purchased the property at 4608 Neil Road from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, for $40,000, when SERVIDIO has an outstanding principal balance of approximately $81,884.00 on the loan from Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, secured by the property at 4608 Neil Road.

COUNTS ONE & TWO

[18 U.S.C. § 1344 - Bank Fraud]

16. From approximately March 21, 2006, to on or about July 31, 2009 in the State and Federal District of Nevada, and elsewhere,

**ANTONIO SERVIDIO,**

defendant herein, knowingly devised and intended to devise a scheme and artifice to defraud Wachovia Mortgage FSB, f/k/a World Savings Bank FSB, a financial institution as defined in 18 U.S.C. § 20, as to a material matter and to obtain property owned by Wachovia Mortgage FSB, f/k/a World Savings Bank FSB, by means of materially false and fraudulent pretenses, representations, and promises, knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, all in violation of Title 18, United States Code, Section 1344.

17. The Grand Jury repeats and realleges paragraphs 1-15, as if fully set forth herein.

18. For the purpose of executing the scheme to defraud, defendant ANTONIO SERVIDIO, by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused Wachovia Mortgage FSB, f/k/a World Savings Bank FSB, to part with money and property as set forth below, with each count in violation of Title 18, United States Code, Sections 1344; and Title 18, United States Code, Section 2.

| Count | Approximate Date and Amount of Defendant's Loan from World Savings Bank | Property Securing Loan | XYZ's Purchase of Property from World Savings Bank |
|---|---|---|---|
| 1 | March 21, 2006<br>$77,350 | 4600 Neil Road, Apt. 38, Reno, NV | July 31, 2009<br>$40,000 |
| 2 | March 21, 2006<br>$77,350 | 4608 Neil Road, Apt. 271, Reno, NV | July 31, 2009<br>$40,000 |

COUNT THREE

[31 U.S.C. § 5324(a)(3) - Structuring]

19. For purposes of 31 U.S.C. § 5324(a)(3), a domestic "financial institution" is defined in 31 U.S.C. 5312(a)(2) and includes issuers, redeemers, and cashiers of money orders and similar instruments, as provided in 31 U.S.C. § 5312(a)(2)(K), and the United States Postal Service, as provided in 31 U.S.C. 5312(a)(2)(V).

20. On or about July 29, 2009, and continuing until on or about July 31, 2009, in the State and District of Nevada,

**ANTONIO SERVIDIO,**

defendant herein, did knowingly and for the purpose of evading the reporting requirements of section 5325 of Title 31, United States Code, and the regulations promulgated thereunder, did structure and aid and abet in structuring, the following transactions with domestic financial institutions, and did so as part of a pattern of illegal

activity involving more than $100,000 in a 12-month period; to wit: by purchasing, and aiding and abetting in the purchase of, approximately 107 money orders and cashier checks with an approximate aggregate value of $107,910, in transaction amounts less than $3000, all of which were deposited into XYZ's bank accounts in Reno, Nevada, in violation of Title 31, United States Code, Sections 5324(a)(3); Title 31, Code of Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

COUNT FOUR

[31 U.S.C. § 5324(a)(3) - Structuring]

21. The Grand Jury repeats and realleges paragraph 19 as set forth herein.

22. On or about August 9, 2009, and continuing until on or about August 14, 2009, in the State and District of Nevada,

**ANTONIO SERVIDIO,**

defendant herein, did knowingly and for the purpose of evading the reporting requirements of section 5325 of Title 31, United States Code, and the regulations promulgated thereunder, did structure and aid and abet in structuring, the following transactions with domestic financial institutions, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period; to wit: by purchasing, and aiding and abetting in the purchase of, approximately 446 money orders with an approximate aggregate value of $290,495, in transaction amounts less than $3000, all of which were deposited into XYZ's bank accounts in Reno, Nevada, in violation of Title 31, United States Code, Sections 5324(a)(3); Title 31, Code of Federal Regulations, Section 103.11; and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION
[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 31 U.S.C. 5317(c)(1) - Forfeiture]

23. The allegations of Counts One through Four of this Indictment are realleged and incorporated as if fully set forth herein.

24. Upon a conviction of any of the offenses alleged in Counts One and Two above, ANTONIO SERVIDIO, defendant herein, shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to such offense(s), including to but not limited to the sum of $163,579.33, which is sought as a personal money judgment against defendant ANTONIO SERVIDIO, pursuant to 18 U.S.C. § 982(a)(2), 18 U.S.C. § 981(1)(C), 28 U.S.C. § 2461(c).

25. Upon a conviction of any of the offenses alleged in Count Three and Four above, ANTONIO SERVIDIO, defendant herein, shall forfeit to the United States all property involved in the offense(s), and any property traceable thereto, including but not limited to the sum of $398,405, which is sought as a personal money judgment against defendant ANTONIO SERVIDIO, pursuant to 31 U.S.C. § 5317(c)(1).

26. If, as a result of any act or omission of the defendants, any of said property

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which,

without difficulty, cannot be subdivided;

any and all interest defendant(s) has/have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to Title 21, United States Code, Sections 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), Title 28, United States Code, Section 2461(c), and Title 31, United States Code, Section 5317(c)(1)(B).

**DATED**: this 29 day of August, 2012.

**A TRUE BILL:**

/S/

FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

JAMES E. KELLER
Assistant United States Attorney