UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:12-CR-00081-LRH-VPC |
| v. | |
| ANTONIO SERVIDIO, | ORDER |
| Defendant. | |
| XYZ REAL ESTATE, LLC and DEL HARDY, | |
| Third-party claimants. | |

Before the Court is the United States of America's Motion to Dismiss Third Party Claim Contesting Forfeiture of Property.  Doc. #76.[1]  Third party claimants XYZ Real Estate, LLC ("XYZ") and Del Hardy ("Hardy") filed an opposition (Doc. #85), to which the United States replied (Doc. #87).  Also before the Court is the United States' Motion for Entry of Final Order of Forfeiture as to Uncontested Properties Only.  Doc. #84.

**I.    Factual Background**

Antonio Servidio ("Servidio") was indicted for counts of Bank Fraud and Structuring of Monetary Instruments on August 29, 2012.  Doc. #1.  Prior to February, 2013, Hardy and Servidio

---
[1] Refers to the Court's docket entry number.

1  each owned a 50% stake in XYZ.  Additionally, Hardy and Servidio each paid for and owned 50%
2  of all XYZ properties.  On February 8, 2013, Hardy purchased the entirety of Servidio's interest in
3  XYZ, so that Hardy became the 100% owner of XYZ and all properties owned by XYZ.
4      XYZ and Hardy first filed a third party claim asserting an ownership interest and contesting
5  forfeiture on October 31, 2013.  Doc. #42.  The United States filed a Motion to Strike (Doc. #43),
6  which the Court granted on March 17, 2014, because XYZ and Hardy did not follow the proper
7  procedure for asserting a third party claim (Doc. #62).  On June 11, 2014, Servidio pleaded guilty
8  to one count of structuring monetary investments in violation of 31 U.S.C. § 5324(a)(3).  On July 1,
9  2014, the Court entered a Preliminary Order of Forfeiture against property owned by Servidio.
10 Doc. #72.  On August 6, 2014, XYZ and Hardy filed the present Motion Contesting Forfeiture of
11 Property.

12 **II.   Legal Standard**

13     Within thirty days of receiving notice of property forfeited to the United States under the
14 criminal forfeiture statute, any party other than the defendant may "petition the court for a hearing
15 to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  The
16 petition must "set forth the nature and extent of the petitioner's right, title, or interest in the
17 property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in
18 the property, any additional facts supporting the petitioner's claim, and the relief sought."
19 § 853(n)(3).  The Court can amend its forfeiture order if, after a hearing, the Court finds that the
20 petitioner has established evidence of (1) "a legal right, title, or interest in the property" that
21 "vested in petitioner rather than the defendant or was superior to any right, title or interest of the
22 defendant at the time of the commission of the acts which gave rise to the forfeiture"; or (2) that
23 "the petitioner was a bona fide purchaser for value of the right, title, or interest in the property and
24 was at the time of purchase reasonably without cause to believe that the property was subject to
25 forfeiture."  § 853(n)(6).
26 ///

2

"State law determines whether Claimants have a property interest, but federal law determines whether or not that interest can be forfeited." *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000). The criminal forfeiture statute "permits forfeiture of the defendant's interest only, not the property of innocent parties." *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005). A third party claimant bears the burden of proof during the ancillary proceeding to show that he is entitled to the property because "the government would necessarily have carried its burden of proving that the defendant's interest in the property was subject to forfeiture during the criminal trial." *Id.* at 1125 (quoting *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001)).

When assessing a Motion to Dismiss a third party claim in a criminal forfeiture proceeding, courts generally apply the standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *United States v. Lee*, No. 06-30611, 2007 WL 3001685, at *1 (9th Cir. Oct. 16, 2007); *see Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) ("[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* The "factual allegations that are taken as true must plausibly suggest an entitlement to

3

relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.   Discussion

#### A.   Motion to Dismiss Third Party Claim

The United States argues first that Hardy's third party claim does not comply with the requirements of § 853(n)(2), which states that a third party claim must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property," and any other facts relevant to the properties. The Court disagrees. The claim identifies each of the properties for which Hardy claims an ownership interest and contests forfeiture. Doc. #73 at 1-2, 4-5. Hardy states his interest in the property clearly: he previously owned a 50% interest and now owns a 100% interest. *Id.* at 3. The claim also includes exhibits showing proof of his ownership of the properties, and information regarding the exact location of each property, the date purchased, and the amount paid for the properties. *See id.*, Ex. 2-3. Accordingly, the third party claim cannot be dismissed on this ground because the detail Hardy provided in the third party claim meets the requirements of § 853(n)(2), *Iqbal*, and *Twombly*.

Second, the United States argues that Hardy has no "legal interest" in any of the properties because the properties are actually owned by XYZ, LLC, and Hardy retains merely a shareholder

interest. Shareholders of corporations and LLCs "do not directly own any part of a corporation's property or assets. They only own shares of stock, which represent a proportionate interest in the corporate equity remaining after a corporation meets all its other debts and obligations." *Russo v. Lopez*, No. 2:11-cv-0284, 2012 WL 846462, at *3 (D. Nev. Mar. 12, 2012) (quoting *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996)). LLCs "are business entities created 'to provide a corporate-styled liability shield with pass-through tax benefits of a partnership.'" *Weddell v. H2O, Inc.*, 271 P.3d 743, 748 (Nev. 2012) (quoting *White v. Longley*, 244 P.3d 753, 760 (Mont. 2010)). In his third party claim, Hardy alleges that at all times relevant to this litigation, Hardy was at least a 50% owner of XYZ, LLC, and that he became a 100% owner in February, 2013. Doc. #73 at 3-4, 7; *id.*, Ex. 2. Hardy also alleges that he paid half of the purchase price on each of the properties for which Hardy contests forfeiture. *Id.* at 3-4. Accordingly, Hardy has alleged sufficient facts to plead a legal interest in the properties named in his third party claim to justify a hearing under § 853(n)(6). *See Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2).

Third, the United States argues that Hardy's claim provides no legal basis for relief from forfeiture because Hardy did not establish that (1) he had an interest in the properties *before* they became subject to forfeiture, or (2) he acquired the properties as a bona fide purchaser. Doc. #76 at 11; *see* § 853(n)(6). All property subject to criminal forfeiture "vests in the United States upon commission of the act giving rise to forfeiture." § 853(c). Any property that is transferred to a third party subsequent to forfeiture "shall be ordered forfeited to the United States, unless the transferee establishes in a hearing . . . that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture." *Id.* At this point it is unclear whether Hardy can show that he had an interest in the properties before they became subject to forfeiture, or that he was a bona fide purchaser who was reasonably without cause to believe that the property was subject to forfeiture when he purchased full ownership in February 2013. However, the third party claim alleged that Hardy obtained full ownership of XYZ and the forfeited properties before he knew that the properties would be

forfeited. Doc. #73 at 7. Hardy also alleged that his ownership interest in the properties was superior to Servidio's ownership interest. *Id.* at 8. Accordingly, Hardy has met his burden to plead the § 853(n)(6) elements.

The Court finds that Hardy has met his burden to plead "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." § 853(n)(3). "If a sufficient petition is brought, the Court is instructed to 'hold a hearing to adjudicate the validity of [petitioner's] alleged interest in the property.'" *United States v. Aitken*, No. 2:09-cr-0097, 2010 WL 2951171, at *1 (D. Nev. July 22, 2010) (quoting 21 U.S.C. § 853(2)). In *Aitken*, the court held that a hearing was not necessary because the petitioners did not sign their petition under penalty of perjury, and failed to adequately plead the "time and circumstances of [their] acquisition of the forfeited property" because the property transferred by default judgment to petitioners six months *after* the property was forfeited. *Id.* at *2. Here, Hardy adequately pleaded his interest in the property and set forth the time and circumstances of his acquisition of the interest, which occurred prior to forfeiture. Accordingly, Hardy has established that a hearing is appropriate, during which he must establish, by a preponderance of the evidence, that he (1) had an interest in the properties *before* they became subject to forfeiture, or (2) acquired the properties as a bona fide purchaser. *See* § 853(n)(6).

**B. Motion for Final Order of Forfeiture as to Uncontested Properties**

In a separate Motion, the United States requests that the Court enter a final order of forfeiture as to the properties for which XYZ and Hardy do not claim an ownership interest. Doc. #84 at 3. The United States argues that forfeiture of the uncontested properties is appropriate because the third party claim "only challenges the forfeiture of certain designated properties and leaves unchallenged the forfeiture of the remaining properties. There are no other third party claims which were filed and the time for filing such a petition has expired. It is appropriate, therefore, to conclude the forfeiture of those <u>uncontested</u> properties only." *Id.* XYZ and Hardy

have not responded to this Motion.  In light of the fact that the time for challenging the forfeiture of properties named in the Preliminary Order of Forfeiture has ended, the Court hereby enters a final order of forfeiture as to the uncontested properties named in the Preliminary Order of Forfeiture.  This final order of forfeiture only applies to those properties that neither XYZ and Hardy, nor any other third parties have challenged: (2)[2] 859 Nutmeg Place #1; (4) 1196-1198 Virbel Lane; (5) 2209 Kietzke Lane #C; (7) 859 Nutmeg Place #2; (8) 4604 Neil Road #112; (10) 765 Jamaica Avenue #1; (12) 2100 Patton Drive; (18) proceeds from the March 2013 sale of a 2009 Rolls Royce; (19) a vehicle identified as a Mercedes Benz S65; and (20) a vehicle identified as a Bentley Muslanne.

### IV.   Conclusion

IT IS THEREFORE ORDERED that the Court will schedule a hearing on the sufficiency of XYZ and Hardy's Third Party Claim.  The Court grants forty-five (45) days from the entry of this order to conduct discovery.

IT IS FURTHER ORDERED that the United States' Motion for Entry of Final Order of Forfeiture as to Uncontested Properties Only (Doc. #84) is GRANTED.

IT IS SO ORDERED.

DATED this 13th day of November, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Numbers correspond to the numbers used in the Court's Preliminary Order of Forfeiture to identify each of these properties.  *See* Doc. #72.